## RICHARD RAYMOND AND OTHERS v. E. J. BAEHR AND OTHERS.

163 N. W. (2d) 51.

December 6, 1968—No. 40966.

*Nolan, Alderman, Holden & Breen,* for appellants.

*Ryan, Ryan & Ebert* and *Thomas Ryan,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from orders of the trial court denying plaintiffs' motions for a new trial as to defendants E. J. and M. S. Baehr.

The facts and circumstances which gave rise to the suit are the same as those in Raymond v. Baehr, 282 Minn. 102, 163 N. W. (2d) 54 (Nos. 41031 and 41032), and we see no need to repeat them as they are amply set out in that opinion. We therefore confine ourselves to those points directly related to the issues raised in this appeal.

Plaintiffs contended that negligence on the part of the defendants Baehr in the construction of the Baehr Building caused the rapid spread of the fire from west to east in the building and the explosion which occurred at the east end. They introduced testimony to the effect that the ventilating shaft running east to west the length of the building was constructed of plywood on two sides; that the fire began in the

west end of the building and traveled rapidly to the east end, where the explosion occurred; that flames were sighted in the ventilating shaft and, following the fire, its wooden sides were charred on the inside. Plaintiffs sought to introduce Brainerd Ordinance No. 322, passed in 1925, which provides that no buildings shall be constructed unless the work is done in accordance with the "Building Code of the City of Brainerd on file in the office of the City Clerk," and the building code itself, which requires ventilating shafts to be constructed of fire-resistive material. Defendants objected on the ground the code had never been published as required by the city charter and was therefore void. The trial court sustained the objection. Plaintiffs contend that the refusal of the trial court to admit the code was prejudicial error entitling them to a new trial.

■ It is not disputed that the Brainerd City Charter requires publication of all ordinances; that Ordinance No. 322 was published in conformity with the charter; and that the building code was not. Therefore the code is valid only if the city council's incorporation of it by reference was a proper means of enacting the code into law.

At the time the ordinance was enacted, Minnesota had no authority either adopting or rejecting the doctrine of incorporation by reference. This was the case until 1945, when the legislature enacted Minn. St. 471.62, which provides statutory authority for the use of incorporation by reference. The long line of Minnesota cases stating that where publication is required by charter such requirement is mandatory do not involve the use of this doctrine and have remained consistent both before and since the legislative action. See, for example, Town of Burnsville v. City of Bloomington, 268 Minn. 84, 128 N. W. (2d) 97; Basting v. City of Minneapolis, 112 Minn. 306, 127 N. W. 1131.

The closest we have come to considering the doctrine was in Olsen v. City of Hopkins, 276 Minn. 163, 149 N. W. (2d) 394, where a zoning ordinance was challenged on the ground that the map published with it was illegible as to plaintiff's tract. In upholding the ordinance, we said (276 Minn. 173, 149 N. W. [2d] 401):

"* * * While we are inclined to agree that the printing of an illegible

zoning map does not comply with the requirement of publication, we have been cited no authority which holds that such publication alone renders the ordinance or any part thereof ineffective. It has been held that a failure to publish a zoning map does not render an ordinance void where the ordinance made reference to an official map, its place of filing, and its availability for inspection. City of Alamogordo v. McGee, 64 N. Mex. 253, 327 P. (2d) 321."

In City of Alamogordo v. McGee, 64 N. Mex. 253, 327 P. (2d) 321, cited in Olsen v. City of Hopkins, *supra*, the ordinance was sustained under the incorporation-by-reference doctrine.

While the courts of other jurisdictions have not been uniform in accepting the use of incorporation by reference, see 1 Antieau, Municipal Corporation Law, § 4.07, those which have affirmed its use seem to have the better position. As adopted by the courts, valid use of the doctrine is limited to incorporation of statutes of the state, preexisting ordinances, and public records. City of Tucson v. Stewart, 45 Ariz. 36, 43, 40 P. (2d) 72, 75, 96 A. L. R. 1492.

If the building code involved here is to qualify at all it must be as a public record. While the exact procedure followed by the city council in adopting the code is not clear, it appears from the record and the arguments of counsel before this court that the code was drawn by the city engineer and a committee of the council, read to the entire body, and, apparently, approved. These actions appear to us to be sufficient to qualify it as a public record. Compare City of Tucson v. Stewart, *supra*, with L. A. Thompson Scenic Ry. Co. v. McCabe, 211 Mich. 133, 178 N. W. 662.

No doubt at least part of the uncertainty as to the council's action in adopting the code is due to the passage of time. It has been the only building code in the city since its adoption in 1925 and had never been challenged up to the time plaintiffs sought to place it in evidence. There having been no showing of prejudice to defendants Baehr by the lack of publication, we resolve any doubt concerning the adoption of the code in favor of its validity. This is consistent with our past refusal to be overly technical in dealing with local ordinances or resolutions.

Olsen v. City of Hopkins, *supra*; Backus v. City of Virginia, 123 Minn. 48, 142 N. W. 1042.

Having determined that the building code was valid and therefore should have been admitted, we must consider the extent, if any, to which plaintiffs were prejudiced by its exclusion. It seems clear that plaintiffs as tenants and the employee of a tenant of the building are within the class of persons the building code was designed to protect. It is further clear that violation of the code constituted negligence per se. Judd v. Landin, 211 Minn. 465, 473, 1 N. W. (2d) 861, 865. In these circumstances the exclusion of the code was prejudicial to plaintiffs unless we can say as a matter of law that the wood ventilating shaft was not the cause of the rapid spread of the fire and the resulting explosion. On the record before us we cannot so hold. However, neither can we say as a matter of law that the wood shaft was a proximate cause of plaintiffs' injury, it being unclear whether the jury based its verdict in favor of the Baehrs on lack of negligence or on failure of plaintiffs to establish causation. Therefore the case must be remanded for a new trial at which the building code may be placed in evidence.

Reversed and new trial ordered.