## RICHARD RAYMOND AND OTHERS v.
## E. J. BAEHR AND OTHERS.

184 N. W. (2d) 14.

December 18, 1970—No. 42266.

*Meagher; Geer, Markham & Anderson, O. C. Adamson II, Mary Jeanne Coyne,* and *Ryan, Ryan & Ebert,* for appellants.
*Nolan, Alderman, Holden & Breen,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Peterson, and Rosengren, JJ.

PETERSON, JUSTICE.

Defendants appeal from a judgment for plaintiffs in an action arising out of a fire and explosion in a commercial building in Brainerd, Minnesota, owned by defendants.

The general factual situation is adequately stated in Raymond v. Baehr, 282 Minn. 102, 163 N. W. (2d) 54; Id. 282 Minn. 109, 163 N. W. (2d) 51. The specific fact upon which the present appeal turns is that the damaging fire, followed by explosion, spread through a ventilating duct constructed of plywood, with some tin, in violation of a municipal ordinance. Brainerd Building Code, § 32, duly adopted in 1925, prior to construction of defendants' building, provides:

"VENT FLUES. *Vent flues or ducts,* for the removal of foul or vitiated air, in which the temperature of the air cannot exceed that of the rooms, *shall be constructed of metal or other incombustible material,* and shall not be placed nearer than one (1) inch to any woodwork, and no such flue shall be used for any other purpose." (Italics supplied.)

Defendants concede that the jury verdict and judgment may be sustained if, but only if, that ordinance was applicable to the particular duct work in defendants' building.

The ventilating duct on the first floor of defendants' building, as the evidence clearly establishes, was designed and used solely for the purpose of introducing fresh, cooled, outside air into the building. Although the ordinance required that vent flues or

ducts shall be constructed of incombustible material, it contains parenthetical language describing such vent flues or ducts as "for the removal of foul or vitiated air." The crux of defendants' argument is that those descriptive words are words of limitation and that they must be read literally, without judicial substitution of "introduction" for "removal" or "fresh" for "foul." We conclude, as did the trial court, that the ordinance does not compel so literal a construction. Although it may be acknowledged that the ordinance was not artfully drafted, its unmistakable intent and purpose were to reduce the hazard of fire from ventilating flues or ducts construction of combustible material.[1]

Affirmed.

UPON PETITION FOR REHEARING

On February 19, 1971, the following opinion was filed:

PER CURIAM.

The legal issue as stated in defendants' brief was confined to the applicability of the Brainerd ordinance submitted to the jury by special interrogatory. Defendants concluded discussion of that issue with the statement that, if the construction of the ordinance as applicable to defendants' building "makes sense, then the verdict is correct; if not, defendants are entitled to judgment." The foregoing opinion fully determined that issue.

Defendants, in their petition for rehearing, state that we overlooked an issue of proximate cause. Defendants did challenge the following interrogatory:

"Was such violation [of the ordinance] a direct or proximate

---

[1] A hazard the ordinance was manifestly intended to prevent was demonstrated by the evidence of what actually occurred. Numerous witnesses observed that the fire, first discovered at one end of the block-long building, in close proximity to the first floor ventilating duct, traveled through the duct to the other end of the building, where the explosion occurred. Brainerd's fire chief gave his unchallenged expert opinion that the fire, feeding upon the plywood in the duct, ultimately reached and ignited unburned gases collected at the other end of the duct.

cause of the explosion or fire which occurred on December 28, 1964, and the resulting harm to plaintiffs?"

They contended that the phrase "explosion or fire" posed a meaningless double question. No objection, however, was interposed when the interrogatory was submitted to the jury.

Defendants contended then, and do now, that there was, in any event, no evidence that their negligence caused all of the stipulated damages to plaintiffs. In denying defendants' motions to change the special verdicts and to order judgment in their favor, the trial court observed that no attempt had been made, at any stage of the trial, to separate the existence of fire from explosion and that no material difference between the two had been demonstrated. Although the fire originated from unknown causes in a limited area at the west end of the building, the evidence, direct and circumstantial, adequately supports the inference that the rapid spread of the fire easterly and the ultimate explosion at the east end of the building were caused by defendants' negligence in constructing the building with the wood duct work, resulting in plaintiffs' losses. An inference that these losses may have occurred by spread of the fire despite defendants' negligence, although of course arguable, does not preponderate over the contrary special finding of the jury, approved by the experienced trial court.

**Petition for rehearing denied.**