Adeline THIES, Respondent,

v.

**ST. PAUL'S EVANGELICAL LUTHER-AN CHURCH OF LITCHFIELD, MINNESOTA, Appellant.**

No. C2-92-331.

Court of Appeals of Minnesota.

Sept. 8, 1992.

**278**

William F. Bannon, Schneider, Johnson & Bannon, Willmar, for respondent.

Richard L. Pemberton, Jr., W.D. Flaskamp, Leatha Grein Wolter, Meagher & Geer, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and NORTON and FOLEY,* JJ.

## OPINION

DANIEL F. FOLEY, Judge.

In this personal injury action, the jury returned a verdict finding respondent Adeline Thies 25% causally negligent and appellant St. Paul's Evangelical Lutheran Church of Litchfield, Minnesota 75% causally negligent, and awarded damages. The church moved for a new trial, alleging the trial court erred in permitting the jury to consider the Uniform Fire Code in determining whether the church was negligent and in failing to exclude the testimony of an expert witness regarding the church's violation of the Uniform Fire Code. The church also argued the evidence was insufficient to permit the jury to consider Thies's claim for future medical expenses. The trial court denied the church's post-trial motions, and the church has appealed. We conclude the trial court committed reversible error in permitting the jury to

consider the Uniform Fire Code, and we reverse and remand for a new trial on the issue of liability.

## FACTS

On November 6, 1988, Adeline Thies attended a Sunday morning service at the church. The service started at 10:45 a.m. and was the last service of the day.

Thies suffers from colitis, which requires her to have ready access to a bathroom. She sat in the back of the church for this reason. Shortly before the service was scheduled to start, Thies had to use the bathroom. She went down to the basement of the church, where the bathrooms the congregation uses are located.

In order to reach the bathroom, Thies had to cross the fellowship hall, ascend three stairs and walk down a corridor adjacent to the stage. The stairs are of uneven height. The first step is six inches high, the second step is five and one-half inches high, and the third step is five inches high.

When Thies went to the basement of the church, the lights in the basement were on. Thies had no difficulty getting to the bathroom; however, when she came out of the bathroom, all of the lights in the basement had been turned off. The basement was pitch black.

Thies attempted to find her way back upstairs. Although there was a light switch in the corridor leading to the bathroom, Thies did not see it because of the darkness. When Thies reached the stairs leading from the corridor to the fellowship hall, she tripped and fell, injuring herself.

Prior to trial, the church learned that Thies intended to rely on the Uniform Building Code and the Uniform Fire Code to show the church's negligence. The church moved in limine to exclude any reference to either the building code or the fire code. The trial court granted this motion as to the building code, but permitted Thies to use the provisions of the Uniform

* Retired judge of the Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI,

§ 2.

Fire Code as evidence of the church's negligence.

At trial, Thies called, as an expert witness, Harold Dickinson, a state certified building inspector who inspected the church on behalf of Thies in September of 1990. Over the church's objection, Dickinson was questioned regarding the Uniform Fire Code. He testified that in his opinion, the corridor leading from the bathroom, the three stairs, the fellowship hall and the stairs from the basement to the exterior door of the church would be considered an exit under the Uniform Fire Code. Dickinson testified that the Uniform Fire Code requires illumination at all times that a building is occupied.

The trial court instructed the jury that it could consider the provisions of the Uniform Fire Code in deciding whether the church was negligent. The jury was instructed that violation of the fire code was not negligence per se.

The jury returned a verdict for Thies, apportioning the negligence 25% to Thies and 75% to the church, and awarded Thies $46,000 in damages. The church's motion for a new trial was denied, and the church has appealed.

## ISSUES

1. Did the trial court err in admitting evidence and instructing the jury regarding the Uniform Fire Code?

2. Did the trial court err in permitting Harold Dickinson to testify regarding exits and lighting in the church basement?

3. Did the trial court err in permitting the jury to consider the issue of future damages?

## ANALYSIS

1. *Uniform Fire Code*

■ Whether evidence is admissible is left to the sound discretion of the trial court. *In re Conservatorship of Torres,* 357 N.W.2d 332, 341 (Minn.1984). A trial court's ruling on relevancy of evidence will only provide a basis for reversal where the trial court's discretion has been clearly abused. *Jenson v. Touche Ross & Co.,* 335 N.W.2d 720, 725 (Minn.1983). However, "[e]vidence which is not relevant is not admissible." Minn.R.Evid. 402. Before an error in the trial court's evidentiary ruling will require a new trial, it must appear that the result of the trial might reasonably have been changed had the evidence been excluded. *Jenson,* 335 N.W.2d at 725.

■ Errors in the trial court's jury instructions are not a basis for reversal unless the error was prejudicial. *Lewis v. Equitable Life Assurance Soc'y of the United States,* 389 N.W.2d 876, 885 (Minn. 1986); *Apache Plaza, Ltd. v. Midwest Savings Ass'n,* 456 N.W.2d 729, 732 (Minn. App.1990), *pet. for rev. denied* (Minn. Aug. 23, 1990).

It is well-settled law that

in an action for a neglect of duty, it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but that he must also show that the duty was imposed for his benefit, or was one which the defendant owed to him for his security.

*Rosse v. St. Paul & D. Ry.,* 68 Minn. 216, 218, 71 N.W. 20, 21 (1897), *quoted in O'Neal v. Burlington N., Inc.,* 413 N.W.2d 631, 633 (Minn.App.1987). As the Minnesota Supreme Court has stated:

Not every statutory violation is negligence. We have held that a violation of a legislative enactment can be evidence of negligence if (1) the intent of the statute is to protect a class of which plaintiff is a member, but only if (2) the plaintiff's injury involves an invasion of the particular interest protected by the statute, (3) was caused by the particular hazard or form of harm against which the enactment was designed to give protection and (4) it was proximately caused by its violation.

*Johnson v. Farmers & Merchants State Bank of Balaton,* 320 N.W.2d 892, 897 (Minn.1982).

■ Thies contends the trial court should have instructed the jury that violation of the Uniform Fire Code is negligence

per se. In appropriate situations, violation of a fire code can constitute negligence per se. *John's Pass Seafood Co. v. Weber*, 369 So.2d 616, 618 (Fla.Dist.Ct.App.1979); *Concord Florida, Inc. v. Lewin*, 341 So.2d 242, 246 (Fla.Dist.Ct.App.1976). Those cases, however, involved alleged fire code violations which led to the harm fire codes are intended to prevent: damages from fires.

Similarly, violation of a building code can constitute negligence per se when the violation results in the harm the building code was designed to prevent. For example, in *Graves v. United States*, 517 F.Supp. 95 (D.D.C.1981), plaintiff's decedent was working in an area in which the District of Columbia Building Code required two exits remote from each other. The room contained only one exit. A gasket on a piece of machinery in the room ruptured, quickly filling the room with 400° steam. The rupture was between plaintiff's decedent and the only exit; although the decedent was able to get out the door, he subsequently died of burns caused by the steam. The court held the absence of a second exit was the proximate cause of decedent's fatal injuries. *Graves*, 517 F.Supp. at 98.

Similarly, in *Raymond v. Baehr*, 282 Minn. 109, 163 N.W.2d 51 (1968), a Brainerd ordinance required furnace ducts to be made of metal or other noncombustible material. The duct at issue was made of Plywood lined with tin. Since the resulting fire and explosion arose out of the hazard against which the ordinance was designed to protect, violation of the ordinance was negligence per se. *Id.* at 113, 163 N.W.2d at 54. *Raymond, Graves* and the Florida cases are entirely consistent with Minnesota law in holding violations of statutory duties to be negligence per se when the violation results in the harm sought to be prevented.

■ The question, then, is whether Thies's injuries are the hazard against which the fire code was designed to protect. We hold they are not. The purpose of the Uniform Fire Code, *as adopted in Minnesota,* is to adopt uniform *fire safety* standards. Minn.R. 7510.0200 (1987). The state's building code is intended to "safe-

guard life or limb" by, among other things, regulating occupancy of all buildings. Minn.R. 1300.1300 (1987).

Although the fire code and the building code are both intended to promote safety, they achieve this purpose through different means. The fire code is intended to promote safety by reducing the incidence of fires. The building code is intended to promote safety by making buildings safer for people. Because the building code is intended to prevent the sort of injury Thies suffered, whereas the fire code is intended to prevent fires, we hold the trial court erred in permitting Thies to use the fire code as evidence of negligence.

■ We must next determine whether the error was prejudicial. Evidence of the church's negligence was minimal. Thies did not establish that the lights were turned off by a person for whose negligence the church could be held vicariously liable. Thies was not allowed to introduce evidence of the church's violation of the building code to establish negligence. Thies could only prevail by showing that the church was negligent in not seeing to it that there was always at least some light in all parts of the church at all times the church was occupied. A large part of Thies's case revolved around showing that the Uniform Fire Code contained such a requirement.

The jury's verdict might well have been different absent evidence concerning the Uniform Fire Code. We therefore hold the error in admitting such evidence was reversible error. This conclusion does not necessarily preclude evidence regarding the building code's requirements. On retrial, the trial court may, depending on the flow of the evidence, admit such evidence as it deems fit regarding the building code.

### 2. *Dickinson Testimony*

Our holding the Uniform Fire Code was inadmissible is dispositive of this issue. It was error for the trial court to permit Harold Dickinson to testify regarding what constitutes an exit and the adequacy of the lighting under the code.

### 3. *Future Damages*

The church contends the evidence of Thies's future damages was too speculative to permit the issue to go to the jury. We disagree.

■ "An award of damages may not be based on speculation or conjecture." *Snyder v. City of Mpls.*, 441 N.W.2d 781, 789 (Minn.1989). In the present case, there was expert testimony that Thies had torn both her right and left rotator cuffs as a result of the fall, that there was an increased risk of re-tearing the rotator cuffs, and that if Thies continued to have problems with her arms, she would be a candidate for surgery. Thies testified she continued to have problems with her arms. This was sufficient to allow the jury to conclude Thies would need surgery in the future. *See Dunshee v. Douglas*, 255 N.W.2d 42, 47 (Minn.1977).

### DECISION

The trial court erred in permitting Thies to rely on the Uniform Fire Code to establish the church's negligence. This error was prejudicial and warrants a new trial on the issue of the church's liability.

Reversed and remanded for new trial on liability only.