**COMMONWEALTH of Kentucky, Appellant,**

v.

**James STAGNER, Appellee.**

**No. 98–SC–0851–DG.**

Supreme Court of Kentucky.

Oct. 21, 1999.

A.B. Chandler III, Attorney General, Rickie L. Pearson, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellant.

Elizabeth A. Shaw, Richmond, for Appellee.

GRAVES, Justice.

James L. Stagner was indicted in the Christian Circuit Court on charges of theft by unlawful taking over $300, receiving stolen property over $300, operating a motor vehicle on a suspended license, third offense, and first-degree persistent felony offender. Following a trial, the case was submitted to the jury with instructions on felony and misdemeanor theft.[1] While the jury deliberated, Stagner and the Commonwealth entered into a plea agreement pursuant to which Stagner pled guilty to the felony charge of theft over $300 and an amended charge of PFO II, in exchange for a recommended enhanced sentence of seven years imprisonment. In open court and under oath, Stagner stated in his guilty plea colloquy that he was satisfied with his attorney and that he had been under no threat or coercion to plead guilty.

---

1. The value of the property was disputed. Stagner contended it was of insufficient value to elevate the theft charges to felonies. The verdict was dependent upon the value the jury assigned to the property stolen.

Thereafter, the jury returned from deliberations and was informed by the trial court that Stagner had pled guilty. After the jury had been dismissed, the trial court reviewed the jury verdict form and advised counsel that the jury had found Stagner guilty of misdemeanor theft. At the subsequent sentencing hearing, Stagner moved to withdraw his guilty plea, alleging that it was involuntary and was the result of coercion on the part of his trial counsel. The trial court denied Stagner's motion and sentenced him to seven years imprisonment in accordance with his plea agreement. The following day, Stagner filed an RCr 11.42 motion, again arguing that his guilty plea was neither voluntary nor knowing. Although Stagner did not appeal the denial of his RCr 11.42 motion, the Court of Appeals granted him a belated appeal some eighteen months later.

The Court of Appeals agreed with the trial court's finding that Stagner's claim of coercion by trial counsel was refuted by the record, but nonetheless concluded that his plea was involuntary and "thus a nullity." The Court of Appeals majority opinion relied on a Minnesota decision, *Barnes v. Minnesota*, 489 N.W.2d 273 (Minn.App. 1992), in which a defendant accepted the prosecution's offer of a plea bargain after the jury, which had been deliberating for three days, announced that it had reached a verdict. The Minnesota court opined that the post-verdict guilty plea constituted a wager on a verdict already reached, and found that none of the functions usually served by the plea bargaining process were served by post-verdict plea bargaining. Applying the logic set forth in *Barnes* to the instant case, the Court of Appeals concluded:

> In the case *sub judice*, Stagner consistently refused the plea offers from the Commonwealth during the year between his indictment and trial. He acquiesced only when a verdict loomed closely over the horizon. We believe, as did the court in *Barnes*, that it was against public policy to place a defendant under the stress of a plea negotiation which amounted to a wager on the verdict. As Stagner was placed in such a position, we are of the opinion that his guilty plea was not made voluntarily or knowingly. Hence, Stagner's conviction and sentence are nullities. *Kidd v. Commonwealth*, Ky., 255 Ky. 498, 74 S.W.2d 944 (1934).

The Commonwealth sought discretionary review which this Court granted. After hearing oral arguments, we reverse the Court of Appeals and reinstate the judgment and sentence of the Christian Circuit Court.

The decision in *Barnes, supra,* was premised upon Minnesota Rule of Criminal Procedure 15.04, which provides that a trial court may accept a plea agreement "when the interest of the public in the effective administration of justice would thereby be served." Minnesota Rule 15.04, subd. 3, mandates that the trial court, when considering a defendant's plea of guilty, evaluate a number of public policy factors such as whether "the plea hastened sentencing, made alternative correctional measures possible, or resulted in [the defendant's] cooperation with police on other cases ." *Barnes, supra,* at 276; *see* Minn.R.Crim.P. 15.04, subd. 3(2)(a)–(e). Accordingly, the *Barnes* court concluded that none of the public policy factors were served because the trial was substantially complete and, thus, the plea was "involuntary, improvident, and lacking the intelligent acquiescence of Barnes." *Barnes, supra* at 277.

*Barnes* is unquestionably distinguishable from the instant case. Kentucky Rules of Criminal Procedure do not have a counterpart to Minnesota's Rule 15.04, requiring trial judges to examine public policy factors before accepting a plea. Furthermore, unlike the situation in *Barnes*, Stagner entered a plea of guilty prior to the jury returning its verdict. While we agree with the Court of Appeals proposition that a plea negotiation amounts to a "wager on

the verdict," such is the case in virtually all criminal trials where a defendant chooses to plead guilty instead of risking an unfavorable jury verdict. The entry of a guilty plea during jury deliberations simply does not create a coercive environment that results in an involuntary plea.

The decision of the Court of Appeals is reversed, and the judgment and conviction of the Christian Circuit Court is hereby reinstated.

All concur.