

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00111-CR

_____

JOSEPH MICHAEL RICHEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 54830-A

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

Joseph Michael Richey pled guilty to driving while intoxicated, third or more, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (Supp.). The trial court sentenced Richey to ten years' incarceration but placed Richey on seven years' community supervision. Later, alleging that Richey violated the terms and conditions of his community supervision by, among other things, consuming alcohol and marihuana, the State filed a motion to revoke. After Richey pled true to the State's allegations regarding consumption of alcohol and marihuana, the trial court revoked Richey's community supervision and sentenced Richey to seven years' imprisonment. In one issue on appeal, Richey claims that the trial court erred in revoking his community supervision because Richey "possessed a valid prescription for marijuana, presented evidence of exigent circumstances[,] and the State failed to meet [its] burden of proof." Richey's arguments, however, suffer from two core problems. First, Richey contends that he had a prescription for medical marihuana use, but he tested positive for marihuana *before* seeking a prescription. Second, Richey contends that he only used alcohol when he was denied use of his medical marihuana, but he tested positive, twice, for *both* alcohol and marihuana. Those circumstances undercut Richey's assertion that the trial court ignored the evidence and place the facts within the trial court's zone of discretion. We affirm the trial court's judgment.

## I.    The Alleged Violations

In its live pleading, the State alleged ten violations of the conditions of Richey's community supervision. At the hearing, Richey pled true to violations one, two, and three, but contested violation seven. The State abandoned the remaining six allegations.

In allegations one, two, and three, the State alleged that Richey "violated condition (10)" of his terms of community supervision, which read, in pertinent part: "<u>DO NOT CONSUME OR POSSESS THE FOLLOWING</u>: alcoholic beverages, unlawful controlled substances, . . . marijuana, . . . or prescriptions (without first obtaining a current prescription for said substances from a licensed physician)." The alleged violations included consumption of alcohol and marihuana, as evidenced by positive tests for marihuana and alcohol on May 7, 2025, and for alcohol on May 16, 2025. Richey appeals the trial court's revocation of his community supervision on all four allegations, but we do not reach allegation seven. *See Cunningham v. State*, 673 S.W.3d 280, 286 (Tex. App.—Texarkana 2023, no pet.) ("Proof by a preponderance of the evidence as to any one of the alleged violations of the conditions of community supervision is sufficient to support a trial court's decision to revoke community supervision and adjudicate guilt." (citing *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009))).

## II.    Standard of Review and Applicable Law

We review a trial court's determination on a community supervision revocation for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). "The central issue to be determined in reviewing a trial court's exercise of discretion in a community supervision revocation case is whether the defendant was afforded due process of law." *Cunningham*, 673 S.W.3d at 291 (quoting *Tapia v. State*, 462 S.W.3d 29, 41 (Tex. Crim. App. 2015)).

"At a probation revocation hearing, [a defendant] has the right to a 'neutral and detached' hearing body as one of the minimum requirements of due process." *Steadman v. State*, 31

S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (citing *Ruedas v. State*, 586 S.W.2d 520, 523 (Tex. Crim. App. [Panel Op.] 1979) (for the "'minimum requirements of due process' which must be observed in probation revocation hearings," including a "'neutral and detached' hearing body" (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (citing *Morrissey v. Brewer*, 408 U.S. 471, 489, (1972))))).

The Texas Court of Criminal Appeals stated,

[W]here, as in Texas, the factfinder, if it finds a violation of the conditions of probation, has discretion to continue the probation, the probationer "is entitled [by due process] to an opportunity to show not only that he did not violate the conditions [of his probation], but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition."

*Euler v. State*, 218 S.W.3d 88, 91 (Tex. Crim. App. 2007) (second and third alterations in original) (quoting *Black v. Romano*, 471 U.S. 606, 612 (1985)). "[D]efendants are not entitled to community supervision as a matter of right, [but] once a defendant is assessed community supervision in lieu of other punishment, this conditional liberty 'should not be arbitrarily withdrawn by the court . . . .'" *Cazarez v. State*, 606 S.W.3d 549, 558 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (alterations in original) (quoting *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012)).

## III. The Revocation Hearing

At the revocation hearing, the three allegations to which Richey pled true alleged consumption of alcohol on two occasions and marihuana on one occasion. With respect to those allegations, Richey claims that the trial court violated his due process rights and abused its

4

discretion in revoking his community supervision due to his proof of a valid medical marihuana prescription and extenuating circumstances with respect to his alcohol use.

Richey's community supervision officer, Gloria Cotton, testified at the revocation hearing. Cotton testified that once Richey completed the substance-abuse treatment program at the Taylor-Callahan-Coleman County Substance Abuse Treatment Facility (Taylor County program), he was on intensive supervision and reported to Cotton every week. Richey successfully completed the Taylor County program and was released from that program on December 10, 2024. He tested positive for marihuana on December 12. Richey admitted to Cotton that he ate edible gummies as soon as he got home from the Taylor County program. Richey tested positive for marihuana again in January 2025. Cotton testified that on May 7 and 16, Richey tested positive for both marihuana and alcohol.

Cotton testified that Richey provided her with letterhead from a physician that prescribed the edible gummies. The trial court accepted into evidence certain paperwork, including that letter and a certificate demonstrating that Richey was a part of the Compassionate Use Registry of Texas. Cotton testified that she had not previously seen the certificate verifying Richey's registration on the registry; nonetheless, Cotton testified that even if Richey had shown her that he was part of the registry, he would not have been allowed to consume the marihuana gummies. Further, Cotton testified that she informed Richey the first time she drug-tested him that he was not allowed to consume marihuana. Cotton testified that a probationer in Gregg County must stay sober for the length of their community supervision, and Richey did not.

Richey testified that he was registered in the Texas Compassionate Use Program (TCUP). Richey said that he "felt that it was okay to continue with th[e] prescriptions" because he had a qualified prescription. Richey said he told his physician that he had been denied use of his prescription, and he claims that she said it was a violation of his rights, which made him "very confused." Richey admitted he was told that he could not consume marihuana under that prescription but testified that the marihuana kept him from drinking alcohol, and he did not drink alcohol until he was told he could not use the prescription anymore. Richey testified that low-grade cannabis use helped him get a "good foothold" on his drinking. Richey said that he was not sure whether there were any pharmaceuticals that could help control his drinking, but he would seek other alternatives if he could not have the marihuana option. But when asked whether he would be able to abide by a court ruling that he not be allowed to use marihuana for the remainder of his community supervision, Richey indicated that he would listen to his physician rather than the court.

On cross-examination, Richey admitted he had been put on community supervision four times in Gregg County and had his community supervision revoked each time. Richey admitted that he consumed alcohol after successfully completing the substance abuse treatment program.

IV.     Analysis

Having pled true to the State's three allegations of community supervision violations based on his alcohol and marihuana use, Richey does not challenge the sufficiency of the evidence supporting the trial court's revocation on these three allegations. Rather, he urges that

6

his due process rights were violated, and he provided the trial court with a justifiable excuse for the violations.

Richey argues that his due process rights were violated during the revocation hearing because he "was not provided with a neutral hearing body." Richey alleges that the trial court did not take into consideration facts and circumstances surrounding his marihuana and alcohol use.

"One of the most fundamental components of a fair trial is a neutral and detached judge." *Vickers v. State*, 467 S.W.3d 90, 96 (Tex. App.—Texarkana 2015, pet. ref'd) (quoting *Dockstader v. State*, 233 S.W.3d 98, 108 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd)). Neither Richey nor the State, however, addressed whether Richey's complaints are subject to error preservation. Consistent with the precedent of the Court of Criminal Appeals, and of this Court, we will proceed to address Richey's complaints without deciding whether they must be preserved in the trial court. *See Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) ("We need not decide today whether an objection below is required to preserve an error of this nature on appeal because the record here does not reflect partiality of the trial court or that a predetermined sentence was imposed.");[1] *Vickers*, 467 S.W.3d at 97 n.9 ("[W]e do not decide whether this issue must be preserved, but will review the record for clear evidence of judicial bias.").

---

[1]The Court of Criminal Appeals subsequently held that the trial court's duty to consider the full punishment range is a "*Marin* category-two right." *Grado v. State*, 445 S.W.3d 736, 739, 741 (Tex. Crim. App. 2014) (citing *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993)) (holding that "despite a judge's wide discretion in determining the proper punishment in a revocation hearing, due process requires the right to a hearing before a neutral and detached hearing body," and further holding that the trial court's duty "to consider the entire range of punishment in sentencing a defendant" is a "*Marin* category-two right" that is subject to waiver, but not forfeiture).

Richey claims the trial court "refused to accept proof of a valid prescription for medical marijuana obtained lawfully through the [S]tate sponsored Texas Compassionate Use Program as justification for use of marijuana while on probation." Richey complains of the trial court's comment on the TCUP, in which the trial court stated, "This compassionate registry is great, but I guarantee you if I called them this afternoon, because I have one of the conditions listed, I had chronic pain in my left heel, I could get marijuana this afternoon. [It is] so dang easy." Richey also complains of the trial court's questions to him about the legality of obtaining his medication by asking, "Don't you think . . . [Cotton] would've helped you get to see a doctor to see if you get [sic] on legal prescriptions?" The Court further asked, "Why didn't you do that?" To which Richey responded, "Because I thought that my prescriptions were legal."

Assuming, without deciding, that Richey was not required to object to the trial court's statements and questions in order to raise his complaint on appeal, we resolve Richey's complaint against him because the record does not support his contentions.

Regarding the trial court's apparent questioning of the legality of Richey's medical marihuana prescription, the conditions of Richey's community supervision clearly state that he was not to consume marihuana without first obtaining a prescription. Cotton's testimony established that Richey tested positive for marihuana on December 12, 2024. The exhibit Richey offered at the hearing shows that his prescription was not written until December 13, 2024. And at the end of the hearing, the trial court questioned Richey by asking, "Well, why didn't you talk to [Cotton] about it and say, Ms. Cotton, I got on this website and they're going to prescribe me

8

marijuana. Should I do that or not? You did it then you asked permission, right?" To which Richey responded, "Yeah."

The context indicates that in discussing the legality of Richey's prescription, the trial court was questioning the propriety of the issuance of the prescription after Richey had already tested positive rather than the validity of the prescription's issuing physician or the prescription itself. "When there are two possible interpretations which can be given to the utterance of a trial judge, we will not assume the worst and presume error." *Tuttle v. State*, No. 06-06-0251-CR, 2007 WL 2324004, at *2 (Tex. App.—Texarkana Aug. 16, 2007, no pet.) (mem. op., not designated for publication) (citing *State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000)). "As the Supreme Court has explained, 'Impartiality is not gullibility. Disinterestedness does not mean child-like innocence. If the judge did not form judgments of the actors in those court-house dramas called trials, he could never render decisions.'" *Bluntson v. State*, No. AP-77,067, 2025 WL 1322702, at *13 (Tex. Crim. App. May 7, 2025), *petition for cert. filed*, No. 25-6476 (Jan. 5, 2026) (on competency and self-representation, not impartial tribunal) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). Richey's argument that the trial court refused to accept proof of his prescription for medical marihuana is also not supported by the record. The record reflects that the trial court admitted Richey's exhibits at the revocation hearing, including two letters from a physician claiming that Richey was a "patient under [her] care" who "ha[d] been prescribed medical cannabis" as part of the TCUP, along with computer screenshots that seem to indicate Richey was part of the registry and was prescribed THC on December 13, 2024. Cotton testified to her conversations with Richey about his marihuana use and the registry.

9

Richey testified about his marihuana use and the TCUP. Contrary to Richey's claims, the trial court accepted quite a bit of evidence and did not reject any surrounding Richey's medical marihuana prescription.

Likewise, the record does not support Richey's claim that the trial court did not take Richey's evidence into consideration. The trial court's question to Richey, "[W]hy didn't you . . . go to a regular doctor, get on regular medication prescriptions," indicates the trial court heard and considered Richey's claims that he had a valid prescription for medical marihuana. Further, the trial court clearly considered the evidence, as it recognized that Richey tested positive before he obtained the prescription, as Richey admitted when he affirmed that he "did it then . . . asked permission."

We reject Richey's claim that the trial court was not a neutral hearing body because it failed to take his arguments into consideration.

Next, we consider Richey's argument that the trial court erred in revoking his community supervision based on his alcohol use. Contrary to the community supervision provision that forbade alcohol consumption, Richey consumed alcohol, for which he tested positive on May 7 and 16, 2025, and then he admitted the use to his community supervision officer. Richey pled true to the allegations of alcohol use. Yet, Richey argues that his use of alcohol was curbed by his marihuana use and that he only consumed alcohol again because of the violation of his right to take legally prescribed marihuana.

The record before us establishes, and Richey admitted, that he consumed alcohol. Richey's alcohol consumption was in violation of the clear provisions of his community

10

supervision. Richey testified to having an alcohol problem before community supervision and successfully completing the Taylor County program, but Richey admitted to using alcohol after being discharged from the program. Even though Richey claimed the marihuana kept him from drinking alcohol and he only tested positive for alcohol "[a]fter they took [his] prescriptions," Cotton's testimony established that Richey tested positive for both alcohol and marihuana on May 7 and 16, 2025.

These facts do not support Richey's claim that the "improper[] tak[ing]" of "his legal prescriptions" from him provided a "justifiable excuse" for his alcohol use. Under the circumstances shown in this record, we cannot conclude that the trial court abused its discretion in revoking Richey's community supervision for alcohol consumption in violation of the conditions of his community supervision. *See Cunningham*, 673 S.W.3d at 286.

We overrule Richey's sole issue.

## V.      Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:      November 17, 2025
Date Decided:      February 10, 2026

Do Not Publish

11