BOYD ROSENE AND ASSOCIATES, INC., Plaintiff–Appellant–Cross–Appellee,

v.

KANSAS MUNICIPAL GAS AGENCY and City of Winfield, Kansas, Defendants–Appellees–Cross–Appellants.

Nos. 96–5199, 96–5209 and 96–5211.

United States Court of Appeals, Tenth Circuit.

Aug. 21, 1997.

**1352**

Steven M. Harris and Michael D. Davis of Doyle & Harris, Tulsa, Oklahoma, for Plaintiff–Appellant–Cross–Appellee.

M. Benjamin Singletary, Richard B. Noulles, and Travis M. Dodd of Gable, Gotwals, Mock, Schwabe, Kihle & Gaberino, Tulsa, Oklahoma, for Defendant–Appellee–Cross–Appellant Kansas Municipal Gas Agency.

J. David Jorgenson of Inhofe, Jorgenson, Balman & Waller, Tulsa, Oklahoma, for Defendant–Appellee–Cross–Appellant City of Winfield, Kansas.

Before PORFILIO, ANDERSON, TACHA, BALDOCK, BRORBY, EBEL, KELLY, HENRY, BRISCOE, LUCERO, and MURPHY, Circuit Judges.*

## ORDER ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

BALDOCK, Circuit Judge.

Defendants Kansas Municipal Gas Agency (KMGA) and the City of Winfield, Kansas, seek en banc consideration of whether a district court, sitting in diversity, must apply the choice-of-law rules of the state in which it sits in resolving an attorney's fee issue in a contract suit. We grant the petition for rehearing and dispose of the matter en banc without reargument. Fed. R.App. P. 40. We hold that a district court, sitting in diversity, must apply the substantive law of the state in which it sits, including its choice-of-law rules, in resolving an attorney's fee issue in a contract suit. In so holding, we clarify certain language in *Bill's Coal Co., Inc. v.*

* Chief Judge Seymour recused from this case.

*Board of Public Util.*, 887 F.2d 242 (10th Cir.1989).

KMGA and Winfield prevailed on the appeal of the district court's entry of summary judgment in their favor on the contract claims of Plaintiff Boyd Rosene and Associates, Inc. *See Boyd Rosene and Assoc., Inc. v. Kansas Municipal Gas Agency*, Nos. 96–5199, 96–5209, 96–5211, 1997 WL 297677 (10th Cir. June 5, 1997) (unpublished). As the prevailing parties, KMGA and Winfield sought attorney's fees at the trial and appellate levels under Oklahoma attorney's fee statute, Okla. Stat. Ann. tit. 12, § 936 (West 1988). The district court ruled that each party must bear its own attorney's fee. The panel affirmed the district court's ruling under the holding in *Bill's Coal Co., Inc. v. Board of Public Utilities*, 887 F.2d 242 (10th Cir.1989).

In *Bill's Coal,* we held in part:

[T]he law in this circuit governing attorney's fees is clear. *In Matter of King Resources Co.*, 651 F.2d 1349, 1353 (10th Cir.1981), we held that "[t]hus in diversity cases generally, and certainly in this circuit, attorney fees are determined by state law and are substantive for diversity purposes." The substantive law of this case is Missouri law. Therefore, the trial court properly applied Missouri law in determining whether attorney's fees were proper.

*Bill's Coal Co.,* 887 F.2d at 246 (footnote omitted). To the extent this language can be read as saying that in a contract suit, a federal court, sitting in diversity, must always resolve an issue about attorney's fees by applying the law of the state providing the substantive contract law, the language needs to be clarified.

██ First, in this circuit, the matter of attorney's fees in a diversity suit is substantive and is controlled by state law. *See Public Serv. Co. of Colorado v. Continental Cas. Co.*, 26 F.3d 1508, 1520 (10th Cir.1994); *Missouri Pacific RR. Co. v. Kansas Gas and Elec. Co.*, 862 F.2d 796, 801 (10th Cir.1988). Second, a federal court sitting in diversity must apply the substantive law of the state in which it sits, including the forum state's

choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 495–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Barrett v. Tallon,* 30 F.3d 1296, 1300 (10th Cir.1994). Thus, in a contract suit, notwithstanding any language in *Bill's Coal* that may be read to the contrary, rather than automatically applying the law of the state providing the substantive contract law, a district court must first apply the forum state's choice-of-law rules in resolving attorney's fees issues.

Accordingly, we remand this case to the district court for an application of Oklahoma's choice-of-law rules to the issue of KMGA's and Winfield's request for attorney's fees, in the first instance, and, if an award is warranted, for a determination of an amount of attorney's fees for the defense of this action at the trial and appellate levels.

PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC GRANTED; REMANDED.