■ ERNST BOYER, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent.—Judgments of the Supreme Court, New York County (Irwin Silbowitz, J.), entered on February 26, 1985, which, respectively, granted defendant's motions for summary judgment dismissing the complaint, are unanimously reversed, on the law, the motions denied and the two matters consolidated, with costs and disbursements.

The law is clear that summary judgment is a drastic remedy which should not be granted where there exists a triable issue of fact. *(Rotuba Extruders v Ceppos,* 46 NY2d 223; *Crocker Commercial Servs. v Safdie,* 111 AD2d 34.) In that regard, the record herein reveals disputed questions of fact concerning the date that coverage commenced under the policy of insurance, whether defendant, by retention of the deposit and subsequent issuance of the insurance policy, is estopped from disclaiming liability and whether defendant fraudulently altered the effective date specified on the policy. Moreover, plaintiff's second complaint, which contains a claim of fraud and seeks punitive damages as well as the value of the policy, does not constitute "another action pending between the same parties for the same cause of action" (CPLR 3211 [a] [4]) because "[a]lthough the causes of action in both suits arise out of the same subject matter or series of alleged wrongs, there is good reason for the separate existence of the earlier cause of action * * * since the nature of the relief sought is not the same or substantially the same" *(Kent Dev. Co. v Liccione,* 37 NY2d 899, 901; *see also, National Fire Ins. Co. v Hughes,* 189 NY 84). Consequently, Special Term was not warranted in dismissing the second action on such ground.

The requirements of res judicata have similarly not been met. The merits of plaintiff's allegation of fraud have never been considered, much less finally determined, either by this court when the instant matter was previously before us on appeal (90 AD2d 737) or at any other time. However, since the two matters do involve "a common question of law or fact" (CPLR 602 [a]), they should appropriately be consolidated. Concur— Sullivan, J. P., Ross, Lynch, Milonas and Rosenberger, JJ.