DONNA KELLEY, Also Known as DONNA K. LAWRENCE, Appellant, v GALINA-BOUQUET, INC., et al., Respondents.

First Department, March 20, 1990

APPEARANCES OF COUNSEL

*Elliott M. Epstein* for appellant.

*Robert B. Shaw* for respondents.

**OPINION OF THE COURT**

Ross, J.

This appeal presents us with the unique situation of a spouse who, in addition to commencing an action for divorce and equitable distribution, has also commenced a separate breach of employment contract action against her estranged spouse and his corporation.

More than a quarter of a century ago, Mr. Steven Lawrence, the individual defendant herein, together with a partner, started a company called Bouquet Bridal (Bouquet). Thereaf-

ter, in or about 1966, Bouquet merged with a New York corporation, to form Galina-Bouquet, Inc. (Galina). Mr. Lawrence is the chief executive officer and sole shareholder of Galina, with principal offices located in New York County. Galina is engaged in the business of manufacturing specialized clothing worn by the bride and participating members of the wedding party such as, *inter alia,* wedding gowns and bridesmaids' gowns.

Ms. Donna Kelley, who is a resident of Chicago, Illinois, has for many years engaged in the business of designing and selling wedding gowns and bridesmaids' gowns. Further, during that period, Ms. Kelley operated a retail bridal gown store, in Chicago, and for at least 18 years had business dealings with Galina and Mr. Lawrence.

On December 31, 1987, Mr. Lawrence and Ms. Kelley were married in Las Vegas, Nevada.

Less than a year later, on or about October 28, 1988, Ms. Kelley commenced an action for divorce, equitable distribution, and related relief against Mr. Lawrence in the Supreme Court, New York County (divorce action).

Also, on or about October 28, 1988, Ms. Kelley commenced an action for breach of employment contract, and quantum meruit against Galina and Mr. Lawrence (defendants) to recover damages in the Supreme Court, New York County (contract action). The verified complaint alleges, in substance, that plaintiff had several conversations with defendant Mr. Lawrence, "in which he represented to her that he felt that her knowledge and skill and experience in the industry together with his perception of her general business ability would be an asset to Galina, Inc"; further, Mr. Lawrence told her that her efforts for defendant, Galina, would benefit her financially. Commencing in January 1988, and for several months thereafter, she worked for Galina in such capacities as preparing budgets, developing an advertising campaign, designing sets for the photographing of models, training Galina's personnel in order that they would be able to attract retail stores as customers, and consulting frequently with Mr. Lawrence, in connection with the business of Galina.

Before the joinder of issue, defendants moved, pursuant to CPLR 3211, to dismiss the contract action. Plaintiff opposed. The IAS court granted that motion upon the basis the contract action was duplicative of the divorce action. Plaintiff appeals.

■ Following our comparison of the complaint in the contract action with the complaint in the divorce action, we find that the actions are not duplicative of one another, since the actions are against different parties, and the plaintiff seeks different relief in each action (CPLR 3211 [a] [4]; *Boyer v New York Prop. Ins. Underwriting Assn.*, 120 AD2d 363 [1st Dept 1986]). Specifically, while the divorce action is solely against Mr. Lawrence and seeks a divorce, equitable distribution, and related relief, the contract action is against a corporate defendant, and Mr. Lawrence, in his capacity as a corporate officer and shareholder and seeks damages for breach of contract.

After our review of the allegations of the complaint in the contract action, we find that plaintiff has sufficiently pleaded causes of action for breach of contract, or, in the alternative, quantum meruit, in view of the fact that plaintiff alleges that defendant Mr. Lawrence orally requested her to perform services for defendant corporation, for which she would be compensated, and she performed and expected to be paid for said services, and the defendants have failed to compensate her (22 NY Jur 2d, Contracts, §§ 509, 510, 511). The Court of Appeals held in *Guggenheimer v Ginzburg* (43 NY2d 268, 275 [1977]), "if from * * * [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail".

We stated in *O'Henry's Film Work's v Nabisco, Inc.* (112 AD2d 825 [1st Dept 1985]), that "[t]he prospect of a pleading's success is not the criterion by which it should be adjudged under CPLR 3211 * * *. A motion under that [rule] assumes the truth of the allegations of the complaint, with plaintiff given the benefit of every favorable inference".

Defendant Mr. Lawrence, in an affidavit which is before us, acknowledges a long-term business relationship with plaintiff which predated their marriage.

Although the plaintiff was married to defendant Mr. Lawrence when she performed the services for which she alleges the defendants promised to pay her, we find that based upon plaintiff's experience in the bridal gown industry, and defendant Mr. Lawrence's admission that both he and Galina had substantial business dealings with plaintiff for many years before the marriage, she has made out a cause of action for breach of contract and/or quantum meruit.

It is the function of the trier of the fact to determine if plaintiff is entitled to recover in the contract action.

Almost 100 years ago, the Court of Appeals stated, in *Ulrich v Ulrich* (136 NY 120, 123 [1892]), in pertinent part: "The right to draw any presumption as to the fact of an agreement having been made from the other fact of the relationship between the parties was within the exclusive province of the jury".

■ We find that the alleged agreement herein did not violate the Statute of Frauds (General Obligations Law § 5-701), as alleged by defendant, since performance of the services under it could be completed within one year. As we noted in *Posner v Precision Shapes* (271 App Div 435, 439 [1st Dept 1946]), "[i]t has been repeatedly held that the statute [of frauds] does not apply to a contract which, in consistence with its terms, may be performed within one year".

In plaintiff's complaint, as mentioned *supra,* she asserts an alternative theory of recovery, which is based upon quantum meruit. The doctrine of quantum meruit or quasi-contract was developed by the law, in order to make sure that a person who receives the benefit of services pay the reasonable value of such services to the person who performed them. In other words, the purpose of that doctrine is "to assure a just and equitable result" *(Bradkin v Leverton,* 26 NY2d 192, 196 [1970]).

■ Defendant also argues that the doctrine of election of remedies is applicable herein. We disagree. Since the contract action, and the divorce action, *inter alia,* do not involve exactly the same parties, are based upon different causes of action and seek different relief, we find that the contract action is not barred by the doctrine of election of remedies (CPLR 3002; *see also,* 2 Carmody-Wait 2d, NY Prac § 10:5). Professor David D. Siegel stated *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3002:4, at 525), in his commentary to CPLR 3002, in pertinent part: "There is generally no election of remedies problem when the second action is based on a cause of action separate and distinct from that involved in the first action. If the first action was for a different cause entirely, it cannot be held to have elected anything that would bar the second action, although of course a collateral estoppel emitted by the first may bar the second".

Surely the plaintiff does not lose any right she may have to recover for services rendered to a corporate entity, merely because her husband is the primary shareholder of said corporation.

The plaintiff may be entitled to share in an increase in the value of Galina, if and when there is equitable distribution in the divorce action. But the factors plaintiff would be required to prove, pursuant to Domestic Relations Law § 236 (B) (5) (d) (1), to obtain an equitable distribution, are entirely different from the proof required in the breach of contract action. Accordingly, we find no doctrine of election of remedies violation.

■ Defendants request that if the contract action is not dismissed, we should consolidate it with the divorce action. We reject that request upon the basis that although some of the parties are the same in both actions, we find that consolidation, which results in merging the two actions into one, would prejudice the plaintiff in view of the fact "[t]he two actions involve entirely separate and distinct transactions" *(Hutton & Co. v Tretiak,* 140 AD2d 294, 295 [1988]). Defendant husband argues that the parties are the same. This is not so. Defendant Galina, a corporation, is not and could not be a proper party in the matrimonial action, but is a proper party defendant in plaintiff's action for breach of contract. Further, the remedies sought in each action are different. Plaintiff cannot seek damages for breach of contract in a matrimonial matter. Moreover, the action for breach of contract and equitable distribution is not so related as to present significant common questions of law and fact and we have held that the absence of such common questions of law and fact make consolidation inappropriate *(Earbert Rest. v Little Luxuries,* 99 AD2d 734 [1st Dept 1984]).

The plaintiff wife should not be required as defendant argues, to choose between equitable distribution and breach of contract. She should have the opportunity to prove both, if the facts so warrant. However, in the exercise of our discretion (CPLR 602), we order a joint trial of the divorce and contract actions, since we find that "the interests of all of the parties will best be served by a joint trial [with separate verdicts]" *(Tucker v Pernell,* 50 AD2d 946 [1975]).

Although the calendar management techniques of the consolidation of actions and joint trials, which are permitted by statute (CPLR 602 [a]), share the objective of judicial economy, and the reduction of litigation delay and costs, there is a significant distinction between them. That difference has been described in 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 602.02, as follows: "Consolidation is the fusing of two or more actions

so that they give rise to a single new action displacing the actions affected thereby. The actions are merged and recaptioned, realigning the parties where necessary. * * * In contrast, a joint trial preserves the integrity of each of the original actions. * * * In consolidated actions only one judgment is entered, while in joint trials separate verdicts and judgments are entered and each may be appealed from".

Under the circumstances before us, where there are two entirely different actions which require different standards of proof and seek different remedies, we find that the fusing of those actions into one, as in consolidation, would result in the extinction of the separate breach of contract action and prejudice the plaintiff by depriving her of her right to prove same.

Obviously, key witnesses in both actions are plaintiff and Mr. Lawrence. Nevertheless, in each action the parties' testimony will be about separate and distinct events, such as in the divorce action their testimony will concentrate on the marriage relationship, while, in the contract action, their testimony will concentrate on their business relationship in respect to the operation of defendant corporation and the services of plaintiff to said defendants. We refuse to consolidate these actions, simply because the parties happen to have been married. To do that would preclude the plaintiff from litigating an action for breach of contract and/or quantum meruit, on the grounds that she is married to the shareholder of the defendant corporation. We have no such defense in this State, nor will this court create such defense in an action on a contract. If the defendant's argument was to prevail, a spouse, in an action on contract, would have less rights than a stranger.

Based upon our analysis, *supra,* we find that the IAS court erred in granting defendants' motion to dismiss the contract action.

We have considered the other contentions of the parties and find them to be without merit.

Accordingly, order entered June 7, 1989, and judgment thereon entered July 18, 1989, Supreme Court, New York County (Harold Tompkins, J.), which granted the motion of defendants, pursuant to CPLR 3211 to dismiss plaintiff's contract action, are unanimously reversed, on the law, on the facts, and in the exercise of discretion, motion denied, complaint in the contract action reinstated, judgment vacated, and it is directed that there be a joint trial of the contract action and divorce action, without costs.

KUPFERMAN, J. P., ROSENBERGER and WALLACH, JJ., concur.

Order and judgment, Supreme Court, New York County, unanimously reversed, on the law, on the facts, and in the exercise of discretion, motion denied, complaint in the contract action reinstated, judgment vacated, and a joint trial of the contract action and divorce action directed, without costs and without disbursements.