Donald V. HANSEN, Plaintiff–Appellant,

v.

GAB BUSINESS SERVICES, INC.,
Defendant–Appellee.

No. 93CA0539.

Colorado Court of Appeals,
Div. V.

May 5, 1994.

Jeffrey Menter, Greenwood Village, for plaintiff-appellant.

Rothgerber, Appel, Powers & Johnson, Laura Ann Wing, Kathryn S. Stripling, Denver, for defendant-appellee.

Opinion by Judge HUME.

Plaintiff, Donald V. Hansen, appeals the summary judgment entered in favor of defendant, GAB Business Services, Inc., on his claims of breach of contract, promissory estoppel, and quantum meruit. We affirm.

Plaintiff was employed as a branch manager by defendant. A written incentive compensation plan stated that a branch manager would be eligible for a bonus if that branch met its budget goals. Because defendant included "claims reserves" as expenses, plaintiff's branch did not meet the budget goal necessary to establish plaintiff's eligibility for a bonus. As a result, plaintiff initiated the action at issue.

I.

The plan stated that it was to be construed under, and governed by, New York law. However, plaintiff contends that Colorado law should apply. We disagree.

Restatement (Second) of Conflict of Laws § 187 (1971) provides that the forum state should apply the law chosen by the parties unless there is no reasonable basis for their choice or unless applying the law of the state so chosen would be contrary to the fundamental policy of a state whose law would otherwise govern. *See Wood Bros. Homes,*

*Inc. v. Walker Adjustment Bureau,* 198 Colo. 444, 601 P.2d 1369 (1979) (fn. 4); *Power Motive Corp. v. Mannesmann Demag Corp.,* 617 F.Supp. 1048 (D.Colo.1985).

Here, neither party is located in New York; however, defendant was previously headquartered there for many years and conducts business nationwide. Hence, we conclude that a reasonable basis exists for applying New York law.

Plaintiff also contends that, since Colorado law would recognize his claims while New York law would not, application of the New York law conflicts with a fundamental policy of Colorado. In support of this contention, plaintiff posits that voluntary benefit plans funded solely by employer contributions are not considered to be enforceable either under New York contract law or under that state's doctrine of promissory estoppel. We reject his contention.

To succeed on a claim that the chosen law contravenes a fundamental policy of the forum state, the policy must be a substantial one. *See Pirkey v. Hospital Corp. of America,* 483 F.Supp. 770 (D.Colo.1980) (application of the chosen law would have raised fundamental due process problems). We conclude that merely not recognizing a claim or theory of recovery is not a substantial conflict which warrants a court's rejection of a contractually designated choice of law.

II.

Plaintiff next contends that the trial court erred in granting defendant's motion for summary judgment. We disagree.

Summary judgment is warranted only upon a clear showing that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. The nonmoving party is entitled to all favorable inferences that may be drawn from the facts. *See Dauman Displays, Inc. v. Masturzo,* 168 A.D.2d 204, 562 N.Y.S.2d 89 (1990).

A. Breach of Contract

Plaintiff contends that the trial court erred in granting summary judgment on his breach

of contract claim because there is a triable issue as to whether the parties entered into a contract. We perceive no such factual issue.

The plan states in relevant part that:

Nothing contained in the description, definitions or provisions of this Plan or other references to this Plan shall establish any right or contractual obligation for payment to any individual or class of employees.

◼ The rights under an incentive compensation plan established voluntarily by an employer, and in which all contributions are made by the employer, must be gleaned from and determined by the express provisions of the plan itself. *See Stanley v. Caltex Petroleum Corp.*, 63 Misc.2d 780, 313 N.Y.S.2d 836 (1970).

◼ Here, the plan clearly did not intend to establish a contract; thus, summary judgment was proper. *See also DeVito v. Pokoik*, 150 A.D.2d 331, 540 N.Y.S.2d 858, 860 (1989) ("a promise to pay an employee a bonus which does not obligate the employee to do or forego doing something that he was not otherwise obligated to do is a mere gratuity, and unenforceable").

### B.   Promissory Estoppel

◼ To recover under promissory estoppel, a plaintiff must show that there was a clear and unambiguous promise, upon which he or she reasonably and foreseeably relied, and that he or she sustained injury because of that reliance. *See Ripple's of Clearview, Inc. v. Le Havre Associates*, 88 A.D.2d 120, 452 N.Y.S.2d 447 (1982).

◼ Here, the plan clearly indicates that the company was not obligated to make any bonus payment. Therefore, plaintiff's reliance on some perceived promise was not reasonable, and summary judgment was appropriate. *See Sanyo Electric, Inc. v. Pinros & GAR Corp.*, 174 A.D.2d 452, 571 N.Y.S.2d 237 (1991).

### C.   Quantum Meruit

◼ The doctrine of *quantum meruit* is intended to avoid unjust enrichment by ensuring that a person who receives the benefit of services pays a reasonable value therefor.

*See Kelley v. Galina–Bouquet, Inc.*, 155 A.D.2d 96, 552 N.Y.S.2d 305 (1990).

◼ In order to recover under this doctrine, a plaintiff must show that he or she rendered services in good faith to the defendant, who accepted the services, that plaintiff expected to be compensated for his or her efforts, and the reasonable value of the services rendered. *See Martin H. Bauman Associates, Inc. v. H & M International Transport, Inc.*, 171 A.D.2d 479, 567 N.Y.S.2d 404 (1991).

◼ Here, plaintiff presented no admissible evidence indicating that the reasonable value of his services exceeded his base salary. Hence, summary judgment was proper.

### III.

◼ Lastly, plaintiff contends that a committee formed by the employer denied him due process by not providing him with notice of a meeting held to consider his appeal of the denial of his request for a bonus and by not allowing him to attend and present evidence. Since plaintiff raises this issue for the first time on appeal, we decline to address it. *See People v. Czemerynski*, 786 P.2d 1100 (Colo.1990).

The judgment is affirmed.

RULAND and CASEBOLT, JJ., concur.